## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

KEVIN JAMES BURE,                    )
    Plaintiff,              )
          )
  v.                                   )     CAUSE NO.: 3:24-CV-362-JVB-APR
          )
C. GANN, *et al.*,                    )
    Defendants.              )

### OPINION AND ORDER

Kevin James Bure, a prisoner without a lawyer, filed a complaint alleging he is not properly classified by the Indiana Department of Correction. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bure alleges he should be classified as Level One. He asks for monetary compensation and to be reclassified. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Bure says he filed a grievance challenging his classification, but "Classification actions or decisions" are not grievable because "a separate classification appeals process is in place for this purpose." Offender Grievance Process, Policy 00-02-301, available at: https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdf Offender-Grievance-Process. Bure did not file a classification appeal as required by the Adult

Offender Classification Policy 01-04-101, available at: https://www.in.gov/idoc/files/policy-and-procedure/policies/programs/classification/01-04-101/4-Function-and-Process-2-1-2024.pdf.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). Therefore, this case must be dismissed.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

Bure also filed a motion asking to be appointed counsel. (ECF 3). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Here, the complaint must be dismissed because Bure did not exhaust his administrative remedies before filing it. Filing this case was legally frivolous because it must be dismissed. A lawyer could not cure this problem and it would be futile to recruit one to represent Bure in this case. *See McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020) ("Nothing in *Pruitt* or our other cases on recruiting counsel prohibits a judge from using available information and the judge's experience to assess the importance and potential merits of the case and to assign priority accordingly.").

     For these reasons, the motion for counsel (ECF 3) is **DENIED**. This case is **DISMISSED** under 28 U.S.C. § 1915A as legally frivolous.

     SO ORDERED on May 8, 2024.

<u>s/ Joseph S. Van Bokkelen</u>
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT