UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN JAMES BURE,<br>   Plaintiff,<br><br>  v.<br><br>C. GANN, ERIN WILLIAMS, SMILEY,<br>R. RHODES, CORLEY, KENNETH REED,<br>and JOHN OR JANE DOE,<br>   Defendants. | )<br>)<br>)<br>)   CAUSE NO.: 3:24-CV-362-JVB-APR<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Kevin James Bure, a prisoner without a lawyer, filed a complaint alleging the defendants put him in the wrong security classification. (ECF 1). The Court screened the original complaint, found it did not state a claim, and granted Bure leave to file an amended complaint. (ECF 36). Now before the Court is Bure's amended complaint. (ECF 38).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bure alleges he was put in Security Classification Level 2 and he belongs in Security Classification Level 1. As explained in the prior screening order, it is well-settled in this Circuit that a convicted inmate has "no liberty interest in his security classification." *Earls v. Buske*, No. 22-1193, 2022 WL 3928515, at *1 (7th Cir. Aug. 31, 2022) citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property [interests] in their

classifications and prison assignments"); s*ee also Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003) ("inmates do not have a protected liberty interest in a particular security classification"); *Taylor v. Levesque*, 246 F. App'x 772 (2d Cir. 2007) (prisoner did not have a protected liberty interest in his security classification).

In his amended complaint, Bure asserts he states a claim because the defendants were negligent, but "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Bure also asserts he is not being treated equally. This appears to be an equal protection argument.

Bure does not argue his disparate treatment was based on a suspect class. However, a "class of one" theory of equal protection prohibits the government from treating a person arbitrarily without being a member of a suspect class.

> Under this theory, on some rare occasions, a plaintiff who is not a member of a protected class may nevertheless succeed on an equal protection claim. To state a claim under this theory, a plaintiff must allege (1) that they have been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment.

*Indiana Land Tr. #3082 v. Hammond Redevelopment Comm'n*, 107 F.4th 693, 698 (7th Cir. 2024) (cleaned up). Without regard to prong one of that test, Bure cannot meet prong two because his original complaint and exhibits show there is a rational basis for his classification level. "When evaluating the second prong of a class-of-one claim, we ask only whether a *conceivable* rational basis for the difference in treatment exists. It is only when courts can hypothesize *no rational basis* for the action that allegations of animus come into play." *Id*. (cleaned up).

Bure explains he was given a Level 2 Classification because he had a felony detainer. (ECF 1 at 2). Bure believes he should have been reduced to Level 1 when he was within five years of his earliest possible release date because the detainer had been lifted by then. *Id*. The reason he

was not reclassified was because of an out-of-state misdemeanor which had not previously been included as a part of his classification evaluations. (ECF 1-1 at 15 and 16). That conviction raised his points from six to nine. It is unclear how the misdemeanor was found, but including all his criminal history is a rational basis for determining his classification level even though it had not been done for several years before. Bure does not state a claim and this case must be dismissed.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted.

SO ORDERED on November 5, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT