UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN JAMES BURE, ) <br> Plaintiff, ) <br> ) <br> v. ) CAUSE NO.: 3:24-CV-362-JVB-APR<br> ) <br>C. GANN, ERIN WILLIAMS, SMILEY, ) <br>R. RHODES, CORLEY, KENNETH ) <br>REED, and JOHN OR JANE DOE, ) <br> Defendants. ) | |

**OPINION AND ORDER**

Kevin James Bure, a prisoner without a lawyer, filed a motion asking to reconsider the order dismissing this case. (ECF 41). Bure does not identify the legal basis for this motion, but it must be denied under either Federal Rule of Civil Procedure 59 or 60. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) *quoting Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). An order granting relief under Rule 60(b) is an "extraordinary" remedy reserved for "exceptional circumstances." *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 629 (7th Cir. 2020). Rule 60 relief is only available under "a limited set of circumstances," *Blitch v. United States*, 39 F.4th 827, 831 (7th Cir. 2022) (citation omitted), none of which apply here.

Bure alleged the defendants have him in the wrong security classification. (ECF 1). The Court screened the original complaint and found it did not state a claim because

> [i]t is well-settled in this Circuit that a convicted inmate has "no liberty interest in his security classification." *Earls v. Buske*, No. 22-1193, 2022 WL 3928515, at *1 (7th Cir. Aug. 31, 2022) citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property [interests] in their classifications and prison assignments."); *see also Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a

> particular security classification."); *Taylor v. Levesque*, 246 F. App'x 772 (2d Cir. 2007) (prisoner did not have a protected liberty interest in his security classification).

ECF 36 at 1-2. The Court explained, "[t]hough it appears unlikely he can state a claim based on (and consistent with) the events described in this complaint, he will be granted leave to try." *Id*. at 2. Bure filed an amended complaint, but the Court found it did not state a claim either. (ECF 39).

In the motion to reconsider, Bure asserts his rights were violated, but he does not know how to explain this so that he can state a claim. He wants the Court to recruit a lawyer to represent him so he can "show it in the correct manner." (ECF 41 at 1). However, this case was not dismissed because Bure was unable to explain his claim; it was dismissed because the facts alleged do not state a claim.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Here, Bure competently explained the facts of his claim, but those facts do not demonstrate that his rights were violated. There is no basis for recruiting a lawyer when Bure has no viable claim. *Watts v. Kidman*, 42 F.4th 755, 758 (7th Cir. 2022) (finding district courts may make "assessments of a litigant's prospect of prevailing" because "pro bono lawyers are not a limitless resource").

Bure repeats that he is being treated differently from other inmates, but as explained in the dismissal order, he is not. He is being retained in Level 2 Classification because has too many points for a Level 1 Classification as a result of a recently discovered out-of-state misdemeanor. It is understandable that he is upset this old conviction was only recently added to his classification review, but its delayed inclusion is not a basis for a federal lawsuit. Neither the original complaint

nor the amended complaint stated a claim. There is no basis for reconsidering the order dismissing this case.

For these reasons, the motion to reconsider (ECF 41) is **DENIED**.

SO ORDERED on November 22, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT