UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN JAMES BURE,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 3:24-CV-362-JVB-APR |
| | ) |
| C. GANN, ERIN WILLIAMS, SMILEY,<br>R. RHODES, CORLEY, KENNETH REED,<br>And JOHN OR JANE DOE,<br>    Defendants. | )<br>)<br>)<br>) |

## OPINION AND ORDER

Kevin James Bure, a prisoner without a lawyer, filed a second motion asking the Court to reconsider the order dismissing this case. (ECF 43). Bure's original complaint asserted he was denied due process when he was placed in the wrong security classification because an out-of-state misdemeanor was included which had not previously been considered in his prior evaluations. (ECF 1). When the Court found the original complaint did not state a claim, his amended complaint asserted he was denied equal protection for the same reason. (ECF 38). The Court dismissed this case after finding the amended complaint did not state a claim either. (ECF 39). Bure's first motion to reconsider reargued his equal protection theory and asserted that he should have been given a lawyer. (ECF 41). In denying the motion, the Court explained, "this case was not dismissed because Bure was unable to explain his claim; it was dismissed because the facts alleged do not state a claim." (ECF 42 at 2).

In his second motion to reconsider the dismissal order, Bure now presents a new factual basis and new legal theory for why he believes he is in the wrong security classification. Without regard to whether these are properly raised in a second motion to reconsider, they are not a basis for reopening this case because they do not state a claim.

Bure asserts he has newly discovered evidence showing a breach of contract of his plea bargain because his most recent classification review indicates he was convicted of a Level 2 Felony when he only plead guilty to a Level 3 Felony.[1] (ECF 43 and 43-1 at 1-2). A mere breach of contract is not for basis for a claim under 42 U.S.C. § 1983. *Luster v. Vill. of Ashmore*, 76 F.4th 535, 538 (7th Cir. 2023). The breach of a plea agreement can be actionable in some circumstances, *Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)), but Bure's plea agreement was not breached because it did not promise him a specific classification. (ECF 43-1 at 4-6).

Bure's 2024 classification review says his current conviction is a Level 2 Felony and assesses him six points. (ECF 43-1 at 1). Because he alleges this is newly discovered evidence, his prior classification reviews could not have incorrectly shown a Level 2 Felony.[2] It is unclear how many points Bure should have been assessed for a Level 3 Felony, but on April 5, 2024, he said that "every review I've had for annual I scored 5 points." (ECF 1-1 at 16). Those "five point" evaluations predated the inclusion of the out-of-state misdemeanor which added an additional three points, so it appears Bure would have at least eight points even if he was correctly assessed with a Level 3 Felony. That is more than the "7 or less to qualify for level 1." (ECF 1-1 at 17). So, it appears Bure is properly classified as Security Classification Level 2 even though his classification review mistakenly indicates he is currently incarcerated for a Level 2 Felony.

However, none of that is relevant to determining whether his new facts and legal theory state a claim because, it is well-settled in this judicial circuit that a convicted inmate has "no liberty

---

[1] Bure is correct that he was charged with a Level 2 Felony, Indiana Code 35-42-5-1(a)(1) Robbery Resulting in Serious Bodily Injury, but plead guilty and was sentenced for a Level 3 Felony, Indiana Code 35-42-5-1(a)(1) Robbery Resulting in Bodily Injury. *State v. Bure*, No. 02D05-2103-F2-10 (Allen Superior Court 5 filed March 18, 2021).

[2] It is possible the Level 2 Felony notation is a scrivener's error because that was his original charge.

interest in his security classification." *Earls v. Buske*, No. 22-1193, 2022 WL 3928515, at *1 (7th Cir. Aug. 31, 2022) citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property [interests] in their classifications and prison assignments"); s*ee also Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification."); *Taylor v. Levesque*, 246 F. App'x 772 (2d Cir. 2007) (prisoner did not have a protected liberty interest in his security classification).

Bure wants to be in Security Classification Level 1 and on work release, but the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *Sandin v. Conner*, 515 U.S. 472, 480 (1995). An inmate is entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. "After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quotation marks and citation omitted). Inmates do not even have a liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008) and *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). Only placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). Bure has never alleged he is being held in long-term segregation.

For these reasons, the second motion to reconsider (ECF 43) is **DENIED**.

SO ORDERED on December 13, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
